1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GABRIEL BENJAMIN JOHNSON

11            Plaintiff,                    No. CIV S-10-3102 CKD P

12        vs.

13   LENNY BOYER

14            Defendant.                    ORDER

15   _____/

16            Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17   He initiated this action by filing a petition for writ of habeas corpus in which he complained, in

18   part, that officials at the Butte County Jail were violating his First Amendment rights by not

19   providing him kosher meals that met with his religiously mandated dietary needs.[1]  Citing that

20   aspect of his petition, the court converted his case to an action under 42. U.S.C. § 1983.  See

21   Order (Docket No. 1).  This proceeding was referred to this court by Local Rule 302 pursuant to

22   28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the magistrate judge under

23   28 U.S.C. § 636(c).

24   ////

25   _____

26   [1] Plaintiff was in the Butte County Jail on federal drug charges when he initiated this
     action.  See Complaint at 4 (Docket No. 2).

1

1        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

2   § 1915.  He has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

3   Accordingly, the request to proceed in forma pauperis will be granted.

4        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

5   U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

6   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

7   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

8   month's income credited to plaintiff's prison trust account.  These payments shall be collected

9   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

10  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

11  § 1915(b)(2).

12       On July 14, 2011, plaintiff filed a notice of change of address informing the court

13  that he had been moved to the Sacramento County Jail.  The court's records show that he was

14  found guilty in federal court on two counts on July 1, 2011, but he has not yet been sentenced.

15  I.  Screening analysis

16       The court is required to screen complaints brought by prisoners seeking relief

17  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

18  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

19  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

20  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

21  U.S.C. § 1915A(b)(1),(2).

22       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

24  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

26  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2

1  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2  Cir. 1989); Franklin, 745 F.2d at 1227.

3          When considering whether a complaint states a claim upon which relief can be

4  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

5  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

6  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

7  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

8  dismissal for failure to state a claim, a pro se complaint must contain more than "naked

9  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

10  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

14  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

15  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

17  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

18  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

19          In his notice of change of address, plaintiff contends that he still is not receiving

20  kosher meals even after his transfer to the Sacramento County Jail.  However, plaintiff names an

21  agent with the U.S. Marshal's Service, Lenny Boyer, as the sole defendant in this action.  An

22  officer with the U.S. Marshal's Service does not, presumably, have any control over the meals

23  served to inmates at the Butte County Jail or the Sacramento County Jail.  There can be no

24  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an

25  individual defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

26  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

3

1  743 (9th Cir. 1978).  Plaintiff's claim is therefore not actionable against Boyer.  However,

2  plaintiff will be given the opportunity to file an amended complaint naming the proper defendant

3  – that is, the official who has some control over what meals he receives in jail – if in fact the

4  alleged practice of denying him kosher meals has continued.

5        If plaintiff chooses to amend his complaint, the court will examine it according to

6  the same screening standards described above.  In addition, plaintiff is informed that the court

7  cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local

8  Rule 220 requires that an amended complaint be complete in itself without reference to any prior

9  pleading.  This is because, as a general rule, an amended complaint supersedes the original

10  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

11  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

12  amended complaint, as in an original complaint, each claim and the involvement of each

13  defendant must be sufficiently alleged.  See Rizzo, above.

14        The Federal Rules adopt a flexible pleading policy, but a complaint must give fair

15  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

16  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

17  particularity overt acts in which a defendant engaged that support plaintiff's claim.  Id.  Therefore

18  the amended complaint must allege in specific terms how each named defendant is involved.

19  Furthermore, vague and conclusory allegations of official participation in civil rights violations

20  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21        Accordingly, IT IS HEREBY ORDERED that :

22        1.   The motion to proceed in forma pauperis (Docket No. 11) is granted.  The

23  additional motion to proceed in forma pauperis (Docket No. 7) is moot.

24        2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  The fee shall be collected and paid in accordance with this court's order to the appropriate

26  agency, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
john3102.14a.wpd

5