IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL BENJAMIN JOHNSON

     Plaintiff,                            No. CIV S-10-3102 CKD P

   vs.

LENNY BOYER

     Defendant.                   ORDER

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He initiated this action by filing a petition for writ of habeas corpus in which he complained, in part, that officials at the Butte County Jail were violating his First Amendment rights by not providing him kosher meals that met with his religiously mandated dietary needs.[1] Citing that aspect of his petition, the court converted his case to an action under 42. U.S.C. § 1983. See Order (Docket No. 1). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c).

////

---

[1] Plaintiff was in the Butte County Jail on federal drug charges when he initiated this action. See Complaint at 4 (Docket No. 2).

1

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On July 14, 2011, plaintiff filed a notice of change of address informing the court that he had been moved to the Sacramento County Jail. The court's records show that he was found guilty in federal court on two counts on July 1, 2011, but he has not yet been sentenced.

I. <u>Screening analysis</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

In his notice of change of address, plaintiff contends that he still is not receiving kosher meals even after his transfer to the Sacramento County Jail. However, plaintiff names an agent with the U.S. Marshal's Service, Lenny Boyer, as the sole defendant in this action. An officer with the U.S. Marshal's Service does not, presumably, have any control over the meals served to inmates at the Butte County Jail or the Sacramento County Jail. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

1  743 (9th Cir. 1978). Plaintiff's claim is therefore not actionable against Boyer. However,
2  plaintiff will be given the opportunity to file an amended complaint naming the proper defendant
3  – that is, the official who has some control over what meals he receives in jail – if in fact the
4  alleged practice of denying him kosher meals has continued.
5     If plaintiff chooses to amend his complaint, the court will examine it according to
6  the same screening standards described above. In addition, plaintiff is informed that the court
7  cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local
8  Rule 220 requires that an amended complaint be complete in itself without reference to any prior
9  pleading. This is because, as a general rule, an amended complaint supersedes the original
10 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
11 complaint, the original pleading no longer serves any function in the case. Therefore, in an
12 amended complaint, as in an original complaint, each claim and the involvement of each
13 defendant must be sufficiently alleged. See Rizzo, above.
14    The Federal Rules adopt a flexible pleading policy, but a complaint must give fair
15 notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.
16 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of
17 particularity overt acts in which a defendant engaged that support plaintiff's claim. Id. Therefore
18 the amended complaint must allege in specific terms how each named defendant is involved.
19 Furthermore, vague and conclusory allegations of official participation in civil rights violations
20 are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21    Accordingly, IT IS HEREBY ORDERED that :
22    1. The motion to proceed in forma pauperis (Docket No. 11) is granted. The
23 additional motion to proceed in forma pauperis (Docket No. 7) is moot.
24    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25 The fee shall be collected and paid in accordance with this court's order to the appropriate
26 agency, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
john3102.14a.wpd